## United States Court of Appeals for the Third Circuit

| | |
|---|---|
| LaMont Jones,<br>Appellant,<br><br>v.<br><br>Education Management Corporation,<br><br>Appellee. | Case No. 15-2225 |
| Michael Scott,<br>Appellant,<br><br>v.<br><br>Education Management Corporation,<br><br>Appellee. | Case No. 15-2177<br><br>*electronically filed September 23, 2015* |

**APPELLANTS' MOTION FOR EXTENSION OF TIME
IN WHICH TO FILE OPENING BRIEF**

LaMont Jones, Jr., and Michael Scott ("Appellants"), by and through the undersigned counsel and pursuant to Local Appellate Rule 31.4 ("Motions for Extension of Time to File a Brief"), hereby move to extend the time in which to timely file their joint opening brief to 90 days from the original due date of October 5, 2015, such that the brief and appendix shall be due on Monday January 4, 2016.

1

Separate Scheduling Orders in the pre-consolidated phase of the two appeals had required that "the brief for Appellant(s) and the joint appendix shall be filed and served on or before 10/05/2015." Briefing and Scheduling Order in *LaMont Jones v. Education Management Corp.* at 1 (Aug. 25, 2015); Briefing and Scheduling Order in *Michael Scott v. Education Management Corp.* at 1 (Aug. 25, 2015). Filed under docket numbers 15-2225 and 15-2177, the joint Appeals were consolidated on September 18, 2015, four days prior to the filing of this Motion. Clerk's Notice of Granting of Appellant's Motion to Consolidate (Sept. 18, 2015).

Local Appellate Rule 31.4 provides: "A party's first request for an extension of time to file a brief must set forth good cause. Generalities, such as that the purpose of the motion is not for delay or that counsel is too busy, are not sufficient. … A first request for an extension of time should be made at least 3 days in advance of the due date for filing the brief." 3RD CIRCUIT LOCAL APPELLATE RULES Aug. 1, 2011.

Appellants issue this request (twelve (12) days prior to the due date) for the reason that Appellant's counsel has been called to take up an immediate overseas residency for an unusually concentrated and compressed law and development project in England. As of two weeks ago today, Appellants' counsel has taken residence in a foreign country in a rural town on a leave of absence from his U.S.

employment formally and finally authorized through December 31, 2015, only thirteen days ago.

On Wednesday September 9, 2015, Appellants' counsel received an Academic Visitor visa from the government of the United Kingdom authorizing his entry into the country for residency to take up the temporary position of Academic Visitor to the Faculty of Law at the University of Oxford on the specific invitation of the Dean of that faculty. The following day, on September 10, Oxford Law officials handed Appellants' counsel his University credentials, including access cards for the special collections under analysis, upon viewing in person the visa card and passport entry that had been presented to Appellants' counsel on September 9, 2015, by the government of the United Kingdom's Customs bureau and its visa-granting office in London.

The visitorship called for a leave of absence from counsel's full-time stateside position as Assistant Professor of Law at Campbell University's law school in Raleigh, N.C., a leave that Campbell University's provost granted conditionally upon final approval of the visit by United Kingdom authorities. Those approvals were granted on September 9 and September 10, 2015, with Appellants' counsel returning to the United States on September 12, 2015, to coordinate and assign matters in the United States to the extent allowable further to the visitorship,

3

including continued preparation of these Appeals, until the visitorship concludes on December 31, 2015.

Counsel continues to work on these two cases before the Third Circuit and is committed to maintaining his on-time record in this case; however, the Oxford visitorship calls for on-site residency for use of the Bodleian Law Library, where temporary access to rare 16th and 17th Century manuscripts and other collections on proceedings from the country's ecclesiastical courts of that period are the subject matter of counsel's term in England.

For the above reasons, Counsel respectfully requests a due date of January 4, 2016, for the Appellants' joint Opening Brief and appendix.

Appellants furnished a draft of this motion to Appellee's counsel at 4:35 p.m. on September 22, 2015, via electronic mail (the usual means of communication among these counsel), *cf.* Local Appellate Rule 31.4, 3RD CIRCUIT LOCAL APPELLATE RULES, Aug. 1, 2011, at 31-32 ("Counsel should endeavor to notify opposing counsel in advance that such a request is being made"), but Appellee's counsel have neither acknowledged nor replied as to whether Appellee intends to oppose this motion, on what grounds if yes, and/or to what extent if yes but qualifiedly.

Respectfully submitted,

/s/ Amos N. Jones
Amos N. Jones, Attorney at Law
THE AMOS JONES LAW FIRM
1150 K Street NW, Ste. 902
Washington DC 20005-6809
Telephone: (202) 351-6187, Ext. 4
Facsimile: (202) 478-1654
E-mail: jones@amosjoneslawfirm.com

*Counsel for Appellant LaMont Jones, Jr.*
*Counsel for Appellant Michael Scott*

Dated: September 23, 2015

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the date and by the means indicated below, the foregoing APPELLANTS' MOTION FOR EXTENSION OF TIME IN WHICH TO FILE OPENING BRIEF was filed electronically with the Court and that a copy was served the same day via the Court's Electronic Case Filing system to:

    Catherine S. Ryan
    Kim M. Watterson
    REED SMITH LLP
    225 Fifth Avenue
    Pittsburgh, PA 15222

    /s/ Amos N. Jones    September 23, 2015
    Amos N. Jones    Date

    *Counsel for Appellants*

    AMOS JONES LAW FIRM
    1150 K Street NW, Ste. 902
    Washington DC 20005-6809
    Telephone: (202) 351-6187, Ext. 4
    Facsimile: (202) 478-1654
    E-mail: jones@amosjoneslawfirm.com